# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | : |
| | : Case No. 2:17-cr-0166 |
| Plaintiff, | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| **JERRY L. CAMPBELL**, | : |
| | : |
| | : |
| Defendant. | : |

## OPINION & ORDER

This matter comes before the Court on Defendant Jerry L. Campbell's Motion for Compassionate Release. (ECF Nos. 36, 38). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On May 23, 2018, Jerry L. Campbell was sentenced to 60 months of imprisonment and three years of supervised release for one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h). (ECF No. 31).

On September 14, 2020, Mr. Campbell filed a *pro se* motion seeking release due to the COVID-19 pandemic and his medical conditions, which he asserts put him at greater risk. (ECF No. 36). He filed an identical motion again on September 30, 2020. (ECF No. 38). The Court appointed attorneys Steven Nolder and Jeffrey Stavroff to represent Mr. Campbell for the limited purpose of addressing his compassionate release motion. (ECF No 37). On October 27, 2020, counsel filed a supplemental motion for compassionate release on Mr. Campbell's behalf. (ECF

No. 41). The Government responded in opposition on November 10, 2020. (ECF No. 42). This matter is now ripe for review.

## II. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant if the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement premises early release partly on the court's determination that the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Under current law, a federal prisoner may not seek compassionate release in district court until "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). *See also United States v. Alam*, 960 F.3d 831, 832−33 (6th Cir. 2020).

In sum, a district court may grant a motion for a reduction in sentence and compassionate release only if: (1) "the defendant has fully exhausted all administrative remedies"; (2) "extraordinary and compelling reasons warrant such a reduction"; (3) such a reduction is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a); and (4) "the defendant is not a danger to the safety of" others, as provided in 18 U.S.C. § 3142(g). 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Motions for compassionate release are committed to the trial court's discretion. *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

## III. LAW & ANALYSIS

A district court may entertain a motion for compassionate release if the defendant has requested the warden of the defendant's facility to grant compassionate release and 30 days have passed without the Bureau of Prisons responding. *See* 18 U.S.C. § 3582(c)(1)(A). On July 5, 2020, Mr. Campbell submitted a request for reduction in sentence to the warden of the correctional institution where is serving his sentence, FCI Butner I. (ECF No. 36, Ex. 3). The Bureau of Prisons did not respond to the defendant's request within 30 days of receiving the request. Thus, the Government acknowledges that Mr. Campbell has satisfied the administrative exhaustion requirement and that his motion for compassionate release is properly before the Court.

The Court next considers whether Mr. Campbell presents "extraordinary and compelling reasons" for release and whether the applicable Sentencing Commission policy statement counsels in his favor. The pertinent policy is set forth in U.S.S.G. 1B1.13, which outlines four categories that can constitute "extraordinary and compelling" reasons for compassionate release: (a) the medical condition of the defendant; (b) the age of the defendant; (c) family circumstances; and (d) other reasons. U.S.S.G. 1B1.13 (A)-(D).

Mr. Campbell suffers from various health problems, including Type 2 diabetes, overweightness (with a body mass index of 29.4), hyperlipidermia (high cholesterol), and a previous Hodgkin's lymphoma diagnosis from which he is now in remission—each of which is substantiated by medical records. (ECF No. 36, Ex. 1). The Centers for Disease Control and Prevention ("CDC") cites two of these conditions, Type 2 diabetes and overweightness, as either increasing or possibly increasing the risk of several illness from COVID-19. (ECF No. 42 at 8−9). In light of Mr. Campbell's ailments and CDC's assessment, the Government recognizes that "Mr.

3

Campbell's medical condition, coupled with his risk of contracting COVID-19, constitutes an 'extraordinary and compelling reason' for a reduction in sentence." (*Id.* at 9).

This Court also recognizes the heightened vulnerability of prison populations to the COVID-19 pandemic, and especially of those who are afflicted by certain medical conditions, but does not end its inquiry here. The Court must also consider the sentencing factors in § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as the need for the sentence to facilitate retribution, deterrence, incapacitation, and rehabilitation" before granting relief. *United States v. Torres*, No. 87-CR-593 (SHS), 2020 WL 2815003, at *6 (S.D.N.Y. June 1, 2020) (quoting 18 U.S.C. § 3553(a)(1)−(2)); *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

The offense that underlies Mr. Campbell's current sentence was linked to a drug trafficking and money laundering organization that distributed a substantial volume of oxycodone pills in the Southern District of Ohio. Mr. Campbell also helped to "cleanse" significant amounts of funds through bank accounts he controlled. He knew the funds represented the proceeds from unlawful drug activity and he collected remuneration for each transaction.

Even more troubling to the Court is Mr. Campbell's extensive criminal record, which includes ten convictions for battery or domestic violence and one conviction for attempted possession of a firearm by a convicted felon. These offenses include violent and egregious behavior toward women, including pulling women by their hair and necks, slapping them in the face, and kicking them to the ground. During one argument he had with a female victim in a vehicle, Mr. Campbell banged her head against the steering wheel multiple times, strangled her, and threatened to kill her. When the victim locked herself in the car, Mr. Campbell used a metal yard sign to break the driver's side window. On another occasion, while Mr. Campbell was riding

in a vehicle with a female victim, he fondled her breasts and "put his fist in her vagina without her consent." He later hit the victim, stole her purse, told her he was going to hold her hostage, and was later apprehended with a firearm. Mr. Campbell accumulated 19 criminal history points, placing him in Criminal History Category VI.

The Court must contemplate both the health risks to the defendant and the interests served by continued incarceration based on the characteristics of the defendant, including his pattern of violent behavior toward women. The Court concludes that the nature of the Defendant's previous convictions and his history of violence are of serious concern to the community, posing danger to the safety of others. The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence proscribe early release in this case.

For these reasons, Mr. Hutchinson's Motions for Compassionate Release (ECF Nos. 36 and 38) are **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 16, 2020**